IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**FILED**

UNITED STATES DISTRICT COURT
ALBUQUERQUE, NEW MEXICO

OCT 3 1 2000

*Robert M. March*
CLERK

CARLOS MALDONADO,

> · Plaintiff,

vs.

Civil No. 95-221 JP/WWD

KENNETH S. APFEL,
Commissioner of Social Security,

> Defendant.

### MEMORANDUM OPINION AND ORDER

THIS MATTER comes before the Court upon Plaintiff's Motion for an Order
Authorizing Attorney Fees, filed August 31, 2000 **[docket # 19]**. Plaintiff's counsel requests
authorization for a fee in the amount of $3,749.70 for 18.05 hours of legal services rendered
before this Court on Plaintiff's social security appeal. The government objects to Plaintiff's
hourly rate and instead, "suggests" an hourly rate of $150.00.

The $207.74 hourly rate would increase Plaintiff's counsel's usual fee, but Mr.
Martone points out that it has remained at $185.00 for the past few years and gives several
reasons for the requested increase: unfavorable decisions have increased, making social
security disability legal work less desirable; social security disability benefits have increased
annually with a cost of living adjustment while costs of maintaining a law office have also
increased; and the 6.3 % "assessment" recently imposed by the Commissioner on attorney



fees.[1]  See 42 U.S.C.A. § 406(d).  The purpose of this "user fee" tax is "to recover from attorneys' fees the cost of administering the process used to certify payment of attorneys fees." H.R.Conf.Rep.No.106-478 (accompanying H.R.1180) (Nov. 17, 1999).

The court considers several factors in determining the amount of fees:  the time and labor required; novelty and difficulty of the questions; preclusion of other employment due to the acceptance of the case; skill required; customary fee; whether fee is fixed or contingent; time limitations imposed upon the attorney, amount involved and the result obtained; experience, reputation, and ability of the attorney; undesirability of the case; nature and length of professional relationship with the client; and awards in similar cases.  Velasquez v. Dir., Office of Workers' Comp. Programs, U.S. Dep't. of Labor, 844 F.2d 738 (10th Cir. 1988) (citing Blankenship v. Schweiker, 676 F.2d 116, 118 (4th Cir. 1982)); Hubbard v. Shalala, 12 F.3d 946, 948 (10th Cir. 1983).

Mr. Martone has focused his practice on social security appeals for a considerable number of years,[2] a fact which allows this Court to recognize him as a practitioner who is not only proficient in that area of law, but efficient in terms of the time and labor such cases require under his handling.  His contention that social security appeals have become less

_____

[1] Pub.L 106-170 (HR 1180) (the "Ticket to Work and Self Sufficiency Program") amended 42 USCA § 406 by adding subsection (d). The law became effective January 31, 2000 ("the last day of the first month beginning after the month in which this Act is enacted" [December 17, 1999]).  See Pub.L. 106-170, Title IV, 406(d); 113 Stat., 1860, 1912; 42 USCA § 406 note.  As a result of this tax in the present case, Plaintiff's counsel was paid $3748.00 instead of $4000.00 for legal services rendered at the Social Security Administration agency level.  Reply at 2, n.1.

[2] Mr. Martone's law firm has limited its practice to Social Security disability appeals since 1988.  Mem., Martone Aff., ¶ 5.

appealing to attorneys is well-taken.  I note that the possibility that the new 6.3% attorney fee

tax might discourage legal representation for social security cases was not lost on Congress.

Legislative committee members urged Congress and the "Committees of jurisdiction" to

"reconsider the assessment promptly if [it is found that] such a fee in any way impairs or impacts

beneficiaries' ability to obtain and secure legal representation." H.R.Conf.Rep.No.106-478

(accompanying H.R.1180).  Another legislative report expressed the same concern with the new

tax, stating that it would "likely deter some attorneys from representing disability claimants."

See  H.R.Rep.No. 106-393(I), (Oct. 18, 1999).[3]

　　　Mr. Martone also points out, correctly, that courts may consider cost of living as a

factor in awarding attorney fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. §

2412(d).  See Chynoweth v. Sullivan, 920 F2d 648 (10th Cir. 1990) (increasing EAJA hourly

rate of $75 to $96.75 to allow for cost of living); Harris v. Railroad Retirement Bd., 990 F.2d

519, 521 (10th Cir. 1993) (finding that plaintiff's attorney was entitled to a cost of living

increase); Pettyjohn v. Chater, 888 F.Supp.1065 (D.Colo. 1995) (citing 28 U.S.C. §

2412(d)(2)(A)(ii)) (fee awards not to exceed statutory amount unless "court determines that an

increase in the cost of living . . . justifies a higher fee").[4]  Moreover, the Commissioner has

---

[3]  This report accompanied  another House bill, H.R. 3070,  which was never signed into
law but included an "assessment fee" provision  identical to the one in HR 1180.  This same
report noted that "claimants with professional, expert legal representation are far more likely to
receive the benefits to which they are entitled." H.R.Rep.No.106-393(I) (noting that in 1998,
57.6% of claimants represented by attorney received benefits compared to only 35.7% of those
who were not represented).

[4]  The statutory amount for the hourly fee was changed from $75.00 to $125.00 in March
1996.  See Publ.L. 104-121, 232(b)(1) (amending 28 U.S.C.A. 2412(d)(2)A)).

regularly concurred in these increases over the past few years.  See Reply, Ex. A at 2.[5]

Nevertheless, the government urges this Court to authorize an award for fees under §

406(b)(1) which would yield a lower net compensation for Mr. Martone.  A *reduction* in his

hourly rate together with the newly inflicted user tax clearly would have a significant impact

on a law practice that limits itself to social security appeals.  Although Plaintiff describes the

government's position as "curious and disturbing," it strikes me more as one that is

confiscatory and bizarre.  In this situation, I find nothing reasonable about a $150.00 hourly

fee, particularly when in recent years the Commissioner has concurred in § 406(b) requests for

fees by Mr. Martone for hourly rates of $185.00 and even $207.41,[6] and where a 6.3% tax is

now charged against attorney fees.

Defendant's concern in seeing that government funds owed to claimants are "properly

--------------------------------------

[5] See e.g., the following cases where plaintiff was represented by Mr. Martone: Civil No.
98-1494 JC/WWD (Defendant agreeing to hourly rate of $133.00, Order entered Dec.10, 1999);
Civil No. 99-974 LH/WWD (Defendant agreeing to hourly rate of $134.00, Order entered July 25,
2000; Civil No. 97-233 JC/WWD (Defendant agreeing to hourly rate of $130.00, Order entered
July 6, 1998; Civil No. 98-1550 BB/WWD (Defendant agreeing to hourly rate of $133.00, Order
entered Nov. 15, 1999).

Other cases involving other plaintiffs' attorneys are, by way of example:  Civil No. 98-1136
JP/WWD (Defendant agreeing to hourly rate of $132.00, Order entered Nov. 9, 1999; Civil No.
98-1537 LH/WWD (Defendant agreeing to hourly rate of $132.00, Order entered Oct. 7, 1999;
Civil No. 98-1223 JP/WWD (Defendant agreeing to hourly rate of $133.00, Order entered Jan. 14,
2000).

[6] See e.g., the following cases:  Civil No. 96-0661 JP/LFG ($185.00 hourly fee, Order
entered March 1999); Civil No. 97-1732 M/WWD ( $185.00 hourly fee, Order entered May 1999;
Civil NO. 95-056 SC/JHG ($185.00 hourly fee, Order entered Feb.1999); Civil 98-646 M/LCS
($204.71 hourly fee, Order entered June 2000); Civil No. 95-354 BB/WWD ($204.71 hourly fee,
Order entered Aug. 2000).  The government's concurrence in these cases belies its statement that
it has a "general policy" to object to fees higher than $150.00 in the community - See Resp., n.1.

4

disbursed," Resp at 1, is well-taken, but the means by which the government proposes to do so
is not. Because attorneys who are familiar with the statutes and regulations relating to social
security law would require less time to devote to a case, it does not seem economically sound
to make it increasingly less feasible for them to accept these cases.   Defendant's concern with
"double-dipping," i.e., receiving fees for the same services under EAJA and the Social
Security Administration, is also not justified.  Plaintiff's counsel has stated (as I note that he
has done in past fee requests under §406(b)) that Plaintiff will receive the smaller of the two
amounts. Reply at 5.

Accordingly, in deciding on a reasonable hourly rate for Mr. Martone, see Hensley v.
Eckerhart, 461 U.S. 424, 437 (1983), I will consider both the cost of living as well as the
detriment imposed by the 6.3% government "assessment." See Hensley v. Eckerhart, 461
U.S. 424, 437 (1983) (court has discretion to determine the amount of a fee award); see also
Headlee v. Bowen, 869 F.2d 548, 551-52 (10th Cir.), cert. denied, 110 S.Ct. 507 (1989)
(evidence of a cost of living increase does not mandate a proportionate increase in fees
awarded under EAJA, rather the matter is discretionary with the court).  The Consumer Price
Index ("CPI") shows an increase of 7.5% from August 1997 to August 2000 [*(172.8 - 160.8)*
÷ *160.8*] resulting in an increase in the hourly fee rounded out to $200.00.[7]  In addition, I
find it appropriate to compensate Plaintiff's counsel for the built-in fee reduction perpetrated

_____

[7] See U.S. Department of Labor, Bureau of Labor Statistics, Table Containing History of
CPI-U U.S. (from 1913 to Present), 9/28/00.  The CPI is most commonly used as a basis for cost of
living increases.  See Harris, 990 F.2d at 521, n.1 (noting that both parties relied on the CPI);
Harris, 869 F.2d at 550 (Consumer Price Index is sufficient evidence upon which to calculate the
cost of living in determining an EAJA fee award).

by the government's imposition of the 6.3% assessment, rounded out to $12.00.  The computation results in an hourly rate of $212.00 which I find to be reasonable under the present circumstances.[8]

**WHEREFORE,**

**IT IS ORDERED** that Plaintiff's Motion for an Order Authorizing Attorney Fees [docket # 19] is hereby GRANTED in the amount of $3,826.60.

UNITED STATES DISTRICT JUDGE

---

[8]  The Tenth Circuit uses a reasonable hourly fee as a starting point and then examines the circumstances of the case to determine if a "heightened hourly rate" is justified.  Hubbard, 12 F.3d at 948 (citing Ramos v. Lamm, 713 F.2d 546, 552 (10th Cir. 1983) and quoting Hensley, 461 U.S. at 433).  However, I find no basis in the present case for a "heightened hourly rate."