# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

*FILED*
UNITED STATES DISTRICT COURT
ALBUQUERQUE NEW MEXICO

DEC 2 7 2000

*Robert M. March*
CLERK

CARLOS MALDONADO,

      Plaintiff,

vs.

          Civil No. 95-221 JP/WWD

KENNETH S. APFEL,
Commissioner of Social Security,

      Defendant.

## MEMORANDUM OPINION AND ORDER
## ON RULE 59(E) MOTION

THIS MATTER comes before the Court upon Defendant's Motion under Fed.R.Civ.P.
59(e) to Alter or Amend Judgment, filed November 9, 2000 **[docket # 24]**.   On October 31,
2000, this Court entered a Memorandum Opinion and Order granting Plaintiff an hourly rate of
$212.00 for legal services rendered in a social security case.  Plaintiff had requested an hourly
rate of $207.74, while Defendant sought an actual reduction in Plaintiff's usual hourly rate of
$185.00, contending that $150.00 was a reasonable fee.  The Court considered the factors
relevant to determining a reasonable lodestar amount, and exercised its discretion in including a
cost of living increase, measuring the increase from August 1997 to August 2000.
Acknowledging the impact a recent imposition of a 6.3% assessment on fees would have on
Plaintiff's hourly rate, the Court also incorporated that amount (which came to $12.00) into the
calculations and rounded out the total amount to $212.00 an hour.

Defendant requests that the Court amend the judgment to subtract $12.00 per hour from



the fee awarded to Plaintiff and delete all references to reimbursement for the 6.3 % user fee. In support of its argument, Defendant points to the legislative history behind the law which enacted the user fee, prohibiting an attorney from "directly or indirectly," by request or "otherwise obtain reimbursement for" the 6.3 % assessment. H.R.Conf.Rep.No. 106-478 (accompanying H.R. 1180).[1] Clearly, Defendant's argument has merit, since the Court's award of a portion of the hourly rate based on the 6.3% tax would come under Plaintiff's "indirectly" and "otherwise" obtaining such reimbursement. Therefore, I will grant in part the motion to reconsider, based on an error in the legal basis for the Court's calculation of the award of attorney's fees. See Servants of the Paraclete, Inc. v. Great American Ins., 866 F.Supp. 1560, 1581 (D.N.M. 1994) (manifest error of law or fact considered one of several grounds for granting a motion to reconsider). However, inasmuch as Defendant requests an award of an hourly fee of $200.00, the motion is denied.

Considering that the Court had found the final *amount* of $212.00 to be a reasonable lodestar figure, the fee should be recalculated, again using the usual factors. See Velasquez v. Dir., Office of Workers' Comp. Programs, U.S. Dep't of Labor, 844 F.2d 738 (10th Cir. 1988). Taking judicial notice of the fact that Mr. Martone's hourly fee has generally remained at $185.00 since 1995, see 10/31/00 Order, at 4 n.6, the cost of living increase will be measured from August 1995 instead of August 1997, resulting in an hourly increase of $24.00 [(*172.8 - 152.9) ÷ 152.9*], resulting in an hourly fee of $209.07, rounded out to an hourly rate of $209.00.

---

[1] In the Order granting the fee award, the Court referred to this report in noting that the congressional committee had expressed concern over whether the new use fee would "impair[ ] or impact[ ] beneficiaries' ability to obtain and secure legal representation." See Court's Mem.Op.& Order, docket # 23 (citing H.R.Conf.Rep.No.106-478).

A final observation: despite this Court's finding in the October 31st Order that Plaintiff's hourly fee was rounded out to $200.00 before a consideration of the 6.3 % tax, and that this figure was based on the Court's assessment of all the relevant factors in this type of inquiry, Defendant has since then opposed the same Plaintiff's counsel in his request for fees not by merely looking to remove a 6.3 % increment, but by further urging a $15.00 hourly reduction from the previous hourly rate (from $185.00 to $150.00).[2]  For some reason, the government persists in sallying forth with what I consider to be a tepid argument.  As admirable as tenacity is, there is some wisdom in striving for a certain economy of effort, given the workload and staffing situations at the government's end as well as the Court's.

An amended memorandum opinion and order, and judgment will follow, reflecting the above calculations, and which will delete references to use of the 6.3% tax as a basis for any portion of the award.   Mentions of the assessment are justified where it relates to an attorney's willingness to handle social security cases.[3]

**WHEREFORE,**

**IT IS ORDERED** that Defendant's Motion under Fed.R.Civ.P. 59(e) to Alter or Amend Judgment **[docket # 24]** is GRANTED IN PART and DENIED IN PART, as described above.

UNITED STATES DISTRICT JUDGE

---

[2]  See Chavez v. Apfel, 96-1384 MV/WWD [docket # 17].

[3]  A court may consider the preclusion of other employment due to the acceptance of a case.  Hubbard v. Shalala, 12 F.3d 946, 948 (10th Cir. 1983).  This other employment, *arguendo*, could be employment which does not entail a 6.3 % user fee.